IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10654
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE GONZALEZ-RODRIGUEZ,
also known as Luis Avina-Gonzalez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-1-1-C
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jose Gonzalez-Rodriguez appeals the 57-month term of
imprisonment imposed following his guilty plea conviction of
being found in the United States after removal in violation of
8 U.S.C. § 1326.  Gonzalez-Rodriguez contends that 8 U.S.C.
§ 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses.  He
argues that the aggravated felony conviction that resulted in his
increased sentence was an element of the offense under 8 U.S.C.
§ 1326(b)(2) that should have been alleged in his indictment.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gonzalez-Rodriguez notes that he pleaded guilty to an indictment which recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense. Gonzalez-Rodriguez acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Gonzalez-Rodriguez's argument is foreclosed. The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion to dismiss this appeal. The Government's motion to dismiss is DENIED. However, in light of our decision to affirm the district court's judgment, the Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED.